# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL OCHOA LOPEZ,<br><br>            Plaintiff,<br><br>   v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>            Defendant.<br>_____/ | Case No. 1:19-cv-01046-SKO<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(Doc. 27) |

After successfully obtaining reversal of an Administrative Law Judge's ("ALJ") decision denying his application for Social Security disability benefits, Plaintiff filed an application for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $13,129.90. (*See* Doc. 27.)

On March 8, 2021, Defendant filed an opposition asserting Plaintiff is not entitled to fees under the EAJA because Defendant's position was substantially justified. (*See* Doc. 29.) Alternatively, Defendant contends that the number of hours sought is unreasonable and should be reduced accordingly. (*Id.*)

For the reasons set forth below, Plaintiff's application for EAJA fees and expenses is GRANTED IN PART.

## I.    BACKGROUND

Plaintiff filed this action on July 31, 2019, seeking judicial review of a final administrative decision denying his application for Social Security disability benefits. (Doc. 1.) On November 16,

2020, the Court issued an order reversing the ALJ's decision and remanding the case for award or benefits based on the ALJ's failure to properly evaluate Plaintiff's testimony regarding his subjective complaints. (Doc. 24.)

On February 16, 2021, Plaintiff filed a motion for EAJA fees and expenses, contending he is the prevailing party in this litigation and seeking a total award of $13,129.90. (*See* Doc. 27 at 10.) Defendant filed an opposition asserting that Plaintiff's fee request should be denied because Defendant's position was substantially justified. (*See* Doc. 29 at 3–6.) Defendant asserts that because the ALJ's decision discussed Plaintiff's allegations and referred to specific findings, Defendant was able to present a "non-frivolous argument" that the ALJ sufficiently evaluated and considered Plaintiff's symptom allegations (*See id.* at 6.)

Alternatively, Defendant contends that Plaintiff spent an unreasonable number of hours on this case. (Doc. 29 at 7–9.) Specifically, Defendant asserts that Plaintiff's attorneys' time spent researching and drafting Plaintiff's opening and reply briefs should be reduced because they are largely duplicative of Plaintiff's confidential letter and opening briefs, respectively. (*See id*. at 8–9.)

It is Plaintiff's motion for attorney's fees and expenses under the EAJA that is currently pending before the Court.

## II.     LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The

statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

### III.  ANALYSIS

There is no dispute Plaintiff is the prevailing party in this litigation. Moreover, the Court finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed. (*See* Doc. 27-1 ¶ 1.) The Court thus considers below whether Defendant's actions were substantially justified.

**A.   The Government's Position was Not Substantially Justified**

Defendant contends that the ALJ gave several reasons to discount Plaintiff's pain testimony and explained why she found Plaintiff's testimony to not be credible. (Doc. 29 at 4–5.) Defendant's position is that this case was remanded based on the ALJ's deficiency in articulation; and therefore, the Court should find that the agency and litigation position were substantially justified and deny an award of attorney fees. (*Id*. at 6.)

A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). Substantially justified has been interpreted to mean "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 161. In considering whether the position of the government is substantially justified, the position of the United States includes "both the

3

government's litigation position and the underlying agency action giving rise to the civil action." *Meier v Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). In the social security context, it is the ALJ's decision that is considered the "action or failure to act" by the agency. *Id.* Under the substantial justification test, the court first considers the ALJ's decision and then considers the government's litigation position in defending that decision. *Id.* Where the underlying ALJ decision is not substantially justified, a court need not address whether the government's litigation position was justified. *Id.* at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each stage of the proceedings" (internal quotation marks and citation omitted)). The burden of establishing substantial justification is on the government. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

The Ninth Circuit has held that a "holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified." *Meier*, 727 F.3d at 872 (citations omitted). The Court found here that the ALJ erred by rejecting, in "boilerplate language," Plaintiff's symptoms statements on the sole basis that they were inconsistent with unspecified objective evidence. (Doc. 24 at 21–24.) An ALJ's failure to correctly evaluate testimony and rendering of a decision that is not supported by substantial evidence are the types of fundamental agency errors that are difficult to consider substantially justified. *See Thangaraja v. Gonzales*, 428 F.3d at 870, 874 (9th Cir. 2007) ("holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States'. . . was not substantially justified"); *Kirk v. Berryhill*, 244 F. Supp. 3d 1077, 1081 (E.D. Cal. 2017) ("When the government violates its own regulations, fails to acknowledge settled circuit case law, or fails to adequately develop the record, its position is not substantially justified.") (citing *Gutierrez*, 274 F.3d 1255 and *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995)). *See also Mahoney v. Comm'r of Social Sec. Admin*., No. 1:17-CV-03106-SAB, 2018 WL 3603062, at *1 (E.D. Wash. June 11, 2018) (awarding EAJA fees where the ALJ "improperly used boilerplate language in dismissing Plaintiff's claim for benefits and lacked clarity in its opinion.");

Defendant argues that their position was substantially justified because there were "specific

facts" in the record that supports the fact that Plaintiff was not disabled and the remand was due to deficiencies in the ALJ's articulation of his findings. (Doc. 29 at 6.) "[T]he policy goal of EAJA is to encourage litigants to vindicate their rights where any level of the adjudicating agency has made some error in law or fact and has thereby forced the litigant to seek relief from a federal court. *Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007). Here, the case law was clear at the time that the ALJ issued her opinion that the ALJ had not adequately articulated her reasons for finding Plaintiff not credible. While an ALJ may reject a claimant's pain testimony by providing clear and convincing reasons, "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995) ); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("Because the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination. This was legal error.").

The ALJ found that Plaintiff's symptom statements were less than credible solely because they were inconsistent with the objective medical evidence, which is improper. (Doc. 24 at 21 (citing *Brown-Hunter*, 806 F. 3d at 493–94).) Additionally, the ALJ merely summarized the evidence and did not link that evidence to any aspect of Plaintiff's testimony.[1] (*Id*. at 22–23.) The failure to provide legally adequate reasons for rejecting the testimony of the claimant was contrary to controlling law in this Circuit. *Kirk*, 244 F.Supp.3d at 1082. This was legal error and Plaintiff was required to file this appeal to seek relief. Because the ALJ's error was clear when the appeal was filed, the Court finds that the government's position was not substantially justified before this Court. *See Li*, 505 F.3 at 921 ("Because at least some flaws in the IJ's and BIA's orders were legal flaws at the time the case was before the Agency, and not due to some later legal or factual development, we cannot say that the government's position was substantially justified at all levels.);

---

[1] Case law in this Circuit, as Defendant points out, does not "require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits," *Lambert v. Saul*, 908 F.3d 1266, 1277 (9th Cir. 2020), but it does require more than what was done here. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (explaining that we may not "take a general finding—an unspecified conflict between [c]laimant's testimony . . . and her reports to doctors—and comb the administrative record to find specific conflicts"); *see also, e.g., Brown-Hunter*, 806 F.3d at 493–94; *Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009).

1  *Kirk*, 244 F.3d. at 1082 ("the ALJ did not apply the proper legal standard and the Commissioner
2  was not substantially justified in defending the ALJ's errors").

3        The ALJ did not apply the proper legal standards and Defendant was not substantially
4  justified in defending the ALJ's errors.  Therefore, the government's position in this matter was not
5  substantially justified.  As there are no other special circumstances that would make an award of
6  EAJA fees unjust, the Court finds that Plaintiff is entitled to an award of fees pursuant to the EAJA.

7  **B.      Plaintiff's Fee Request Must Be Modified**

8        Plaintiff seeks a total award of $13,129.90, comprised of 63.5 hours of attorney time.  (*See*
9  Doc. 27.)  Defendant does not object to Plaintiff's hourly rate of $206.77, but contends that the
10 hours he requests are unreasonable given that his opening and reply briefs are largely duplicative of
11 his confidential letter and opening briefs, respectively.  (Doc. 29 at 8–9.)  Defendant recommends a
12 reduction of 16 hours billed by Plaintiff's attorneys.  (*Id*. at 9.)

13       The EAJA provides for an award of "reasonable" attorney fees.  28 U.S.C. § 2412(d)(2)(A).
14 By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts
15 are permitted to adjust the rate to compensate for increases in the cost of living.[2]  28 U.S.C. §
16 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987.
17 Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of
18 reasonable hours times a reasonable rate.'"  *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*,
19 461 U.S. 424, 434 (1983)).  The district court must consider "the relationship between the amount
20 of the fee awarded and the results obtained."  *Id*. at 989.  Counsel for the prevailing party should
21 exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or
22 otherwise unnecessary" as a lawyer in private practice would do.  *Hensley* 461 U.S. at 434; *see also*
23 *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be
24 compensated is calculated by considering whether, in light of the circumstances, the time could
25 reasonably have been billed to a private client.").

---

[2] In accordance with the formula set forth in *Thangaraja*, 428 F.3d at 876–77, the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living. The rates are found on that court's website: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. Plaintiff requests an hourly rate of $206.77 for attorney work performed in 2020. (Doc. 27 at 9.) This rate is consistent with, and in fact less than, the statutory maximum rate for 2020 as set forth by the Ninth Circuit.

The court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433, 437; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

According to Plaintiff's motion, the tasks completed by Plaintiff's attorneys Jonathan Pena, Esq. and Dolly Trompeter, Esq. include reviewing the ALJ's decision and the administrative record that was approximately 681 pages; drafting Plaintiff's confidential letter brief, opening brief, and reply brief; and preparing a declaration in support of a request for EAJA fees now pending before the Court. (*See* Doc. 27.) After independently reviewing the individual time entries on the timesheets submitted by Plaintiff's attorneys (*see* Doc. 27-1), the Court finds that some of time expended by Plaintiff's attorneys is excessive. For example, the attorneys billed 8.25 hours performing "case research" regarding the "clear and convincing" legal standard for evaluating subjective symptom testimony and drafting an argument "re: clear and convincing/playing doctor" in Plaintiff's opening brief. (*See* 27-1 at 2.) Having now reviewed several opening briefs filed by Mr. Pena and his firm in other cases, it has become apparent to the Court that the recitation of the clear and convincing legal standard included these briefs is comprised of only a few paragraphs of boilerplate language. (*Compare, e.g.*, Doc. 18 at 25–26 *with Russo v. Saul*, Case No. 1:19-cv-01453-SKO, Doc. 20 at 21 (filed Sept. 18, 2020) *and Trevino v. Saul*, Case No. 1:19-cv-00870-SKO, Doc. 19 at 23 (filed May 1, 2020).) Additionally, the phrase "playing doctor" appears only once in the Plaintiff's opening brief, in a string-cite footnote (*see* Doc. 18 at 18 n.2) that has also been included in other opening briefs filed by Mr. Pena's firm. *See, e.g., Evanovich v. Comm'r*, Case No. 1:18-cv-01438-SKO, Doc. 23 at 19–20 (filed Jan. 2, 2020).

The attorneys also billed 7.5 hours researching "orthopedic testing" and drafting "credit as true" and "clear and convincing" arguments in the opening brief. (Doc. 27-1 at 2.) It is not clear,

however, what "research" regarding orthopedic testing was required, as the opening brief makes no mention of it.  Moreover, the "credit as true" argument in Plaintiff's opening brief is a single paragraph also comprised of mostly boilerplate language that is duplicative of other opening briefs filed by Mr. Pena's firm.  (*Compare* Doc. 18 at 28–29 with *Martinez v. Comm'r*, Case No. 1:19-cv-00074-SKO, Doc. 19 at 25–26 (filed Nov. 25, 2019).)  Finally, Plaintiff's attorneys billed 19.25 total hours reviewing Defendant's opposition and preparing the 11-page reply brief, yet the brief largely repeats the opening brief's arguments—in many instances reproducing sections *in toto*, *see* Doc. 22 at 2 n.3, 4 n 6, 8 n.12.  The Court will therefore deduct 16 hours from Plaintiff's attorneys' time, in accordance with Defendant's proposal.

In reviewing Plaintiff's remaining hours, the Court is mindful that, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time was required to spend on the case; after all, [they] won, and might not have, had [they] been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  With this deference in mind, and considering the circumstances of this case, the Court finds the remaining time expended by Plaintiff's attorneys on the various tasks, and the total time of 47.5 hours (which includes the 16-hour reduction, above) to be reasonable.  *See, e.g., Kuharski v. Colvin*, No. 2:12-cv-1055-AC, 2015 WL 1530507, *1-2, 6 (E.D. Cal. Apr. 3, 2015) (40.80 hours awarded where claimant's attorney required to oppose cross-motions for summary judgment and a motion to amend the judgment); *Boulanger v. Astrue*, No. Civ. S-07-0849 DAD, 2011 WL 4971890, *2 (E.D. Cal. Oct. 19, 2011) (58 hours awarded where cross-motions for summary judgment filed by the parties); *Watkins v. Astrue*, No. Civ S-06-1895 DAD, 2011 WL 4889190, *1 (E.D. Cal. Oct. 13, 2011) (awarding 62 hours where cross-motions for summary judgment filed, the administrative record was 700 pages and opening brief was 55 pages long); *Vallejo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383686, *4 (E.D. Cal. Sept. 20, 2011) (approving 62.1 hours where case fully briefed); *Dean v. Astrue*, No. CIV S-07-0529 DAD, 2009 WL 800174, *2 (E.D. Cal. Mar. 25, 2009) (approving 41 hours, noting it was at the upper end, where remand after filing a motion for summary judgment on client's behalf).

### IV.     CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Plaintiff's attorneys reasonably expended 47.5 hours at a rate of $206.77 per hour litigating this case.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for attorney's fees and expenses under the EAJA (Doc. 27) is GRANTED IN PART;

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $9,821.57; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's attorneys, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees (*see* Doc. 27-2 at 1) and pay fees directly to Plaintiff's attorneys.

IT IS SO ORDERED.

Dated:   **April 23, 2021**                              /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE